PHILLIP A. TALBERT
United States Attorney
MATTHEW M. YELOVICH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY ELVIS PEDEN,<br><br>Defendant. | CASE NO. 2:06-CR-00300 WBS<br><br>STIPULATION REGARDING MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: November 13, 2017<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. On July 21, 2017, this Court signed a Petition for Violation of Supervised Release alleging that the defendant viewed child pornography on his computer. See ECF No. 118.

2. On October 30, 2017, the defendant entered a denial to the charge and requested an evidentiary hearing, which was scheduled for November 20, 2017. See ECF No. 132.

3. On November 6, 2017, upon the recommendation of the United States Probation Officer tasked with supervising the defendant, the government moved to dismiss the petition filed July 21, 2017, and this Court ordered the defendant's release from custody. The Court set a hearing date of November 13, 2017, at 9:00 a.m., for modification of the defendant's conditions of supervised release.

4. By this stipulation, the parties now move to replace in their entirety the Special

Conditions of Supervision contained on page four of the Judgment filed May 7, 2015, see ECF No. 117, with the following Special Conditions of Supervision:

* * * * *

**SPECIAL CONDITIONS OF SUPERVISION**

1. As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

2. The defendant shall submit to the search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer in the lawful discharge of the officer's supervision functions with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant shall not possess or use a computer or any device that has access to any "on-line computer service" unless approved by the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

4. The defendant shall have no contact with known children under the age of 18, unless approved by the probation officer in advance. The defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any occupation, either paid or volunteer, that causes him/her to regularly contact known persons under the age of 18. The defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant. The defendant consents to retrieval and copying of all data from any such computer, computer-related

|   |   |   |
|---|---|---|
| 1 |  | device, or equipment as well as any internal or external peripherals to ensure compliance |
| 2 |  | with conditions.  The defendant consents to removal of such computer, computer-related |
| 3 |  | device, and equipment for purposes of conducting a more thorough inspection and |
| 4 |  | analysis. |
| 5 |  | The defendant consents to having installed on any computer, computer-related device, |
| 6 |  | and equipment, at the defendant's expense, any hardware or software systems to monitor |
| 7 |  | the use of such computer, computer-related device, and equipment at the direction of the |
| 8 |  | probation officer, and agrees not to tamper with such hardware or software and not install |
| 9 |  | or use any software programs designed to hide, alter, or delete his/her computer activities. |
| 10 |  | The defendant consents to not installing new hardware without the prior approval of the |
| 11 |  | probation officer.  In addition, the defendant shall not possess thumb drives or other |
| 12 |  | removable drives/devices unless approved by the probation officer. |
| 13 | 5. | The defendant shall not possess, own, use, or view any material depicting sexually |
| 14 |  | explicit conduct, including computer images, pictures, photographs, books, drawings, |
| 15 |  | videos, or video games.  "Sexually explicit conduct" as defined in 18 U.S.C. § 2256(2) |
| 16 |  | means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, |
| 17 |  | or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; |
| 18 |  | (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area |
| 19 |  | of any person. |
| 20 |  | The defendant shall not engage in writing about his sexual fantasies, nor shall the |
| 21 |  | defendant possess or read stories by others where the primary purpose of the writing is |
| 22 |  | just to convey deviant sexual fantasies. |
| 23 |  | Furthermore, the defendant shall not frequent any place whose ***primary purpose*** is to sell, |
| 24 |  | rent, show, display, or give other forms of access to, material depicting and/or describing |
| 25 |  | sexually explicit conduct. |
| 26 | 6. | The defendant shall consent to third-party disclosure to any employer or potential |
| 27 |  | employer, concerning any computer-related restrictions that are imposed upon him/her. |
| 28 |  | This includes any activities in which you are acting as a technician, advisor, or consultant |

| | |
|---|---|
| 1 | with or without any monetary gain or other compensation. |
| 2 | 7. The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program (which may include, but is not limited to, risk assessment, polygraph examination, and/or Visual Reaction Treatment) as approved and directed by the probation officer and as recommended by the assigned treatment provider. |

\* \* \* \* \*

5. Senior United States Probation Officer Garey White, who supervises the defendant, has conferred with the parties and approves the modified Special Conditions of Release proposed above.

6. Further, the defendant hereby waives his right to a hearing on this proposed modification of the terms of his supervised release. The defendant understands that he has a right to a hearing prior to such a modification under Fed. R. Crim. P. 32.1. Defense counsel represents to the Court and government that she has discussed with the defendant his rights under Fed. R. Crim. P. 32.1, including his right to a hearing before his conditions are modified, and that defendant has decided to knowingly and voluntarily waive his right to a hearing and associated rights under Rule 32.1. Finally, defense counsel represents that defendant agrees with the proposed modification contained in this stipulation and proposed order, understands the conduct proscribed and required by the modification, and urges the Court to accept the modification as proposed.

7. Accordingly, the parties move to vacate the currently-set modification hearing date of November 13, 2017, and ask the Court to impose the proposed modifications to the defendant's supervised release conditions upon entry of the proposed order.

**[Remainder of Page Left Intentionally Blank]**

IT IS SO STIPULATED.

Dated: November 8, 2017  PHILLIP A. TALBERT
United States Attorney

/s/ MATTHEW M. YELOVICH
MATTHEW M. YELOVICH
Assistant United States Attorney

Dated: November 8, 2017  /s/ LINDA ALLISON
LINDA ALLISON
Counsel for Defendant
WESLEY ELVIS PEDEN

**ORDER**

The Court has reviewed the stipulation of the parties seeking an order modifying the conditions of supervised release imposed on defendant Wesley Elvis Peden on May 7, 2015. The Court hereby finds that, based on the representations of counsel and the totality of the circumstances, defendant Peden has knowingly and voluntarily waived his right to a hearing under Fed. R. Crim. P. 32.1 prior to modification of the conditions of his supervised release. The Court adopts the proposed modifications to defendant's special conditions of supervised release, and hereby ORDERS that the previously-imposed Special Conditions of Supervision contained on page four of the Judgment filed May 7, 2015, see ECF No. 117, be replaced in their entirety with the following Special Conditions of Supervision:

**SPECIAL CONDITIONS OF SUPERVISION**

1. As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

2. The defendant shall submit to the search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer in the lawful discharge of the officer's supervision functions with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant shall not possess or use a computer or any device that has access to any "on-line computer service" unless approved by the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

4. The defendant shall have no contact with known children under the age of 18, unless approved by the probation officer in advance. The defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any

| | |
|---|---|
| 1 | occupation, either paid or volunteer, that causes him/her to regularly contact known |
| 2 | persons under the age of 18.  The defendant shall consent to the probation officer and/or |
| 3 | probation service representative conducting periodic unannounced examinations of (a) |
| 4 | any computer, or (b) computer-related device, or (c) equipment that has an internal or |
| 5 | external modem which is in the possession or control of the defendant.  The defendant |
| 6 | consents to retrieval and copying of all data from any such computer, computer-related |
| 7 | device, or equipment as well as any internal or external peripherals to ensure compliance |
| 8 | with conditions.  The defendant consents to removal of such computer, computer-related |
| 9 | device, and equipment for purposes of conducting a more thorough inspection and |
| 10 | analysis. |
| 11 | The defendant consents to having installed on any computer, computer-related device, |
| 12 | and equipment, at the defendant's expense, any hardware or software systems to monitor |
| 13 | the use of such computer, computer-related device, and equipment at the direction of the |
| 14 | probation officer, and agrees not to tamper with such hardware or software and not install |
| 15 | or use any software programs designed to hide, alter, or delete his/her computer activities. |
| 16 | The defendant consents to not installing new hardware without the prior approval of the |
| 17 | probation officer.  In addition, the defendant shall not possess thumb drives or other |
| 18 | removable drives/devices unless approved by the probation officer. |

5. The defendant shall not possess, own, use, or view any material depicting sexually explicit conduct, including computer images, pictures, photographs, books, drawings, videos, or video games.  "Sexually explicit conduct" as defined in 18 U.S.C. § 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

The defendant shall not engage in writing about his sexual fantasies, nor shall the defendant possess or read stories by others where the primary purpose of the writing is just to convey deviant sexual fantasies.

7

Furthermore, the defendant shall not frequent any place whose *primary purpose* is to sell, rent, show, display, or give other forms of access to, material depicting and/or describing sexually explicit conduct.

6. The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him/her. This includes any activities in which you are acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

7. The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program (which may include, but is not limited to, risk assessment, polygraph examination, and/or Visual Reaction Treatment) as approved and directed by the probation officer and as recommended by the assigned treatment provider.

These revised special conditions of supervision shall be reviewed with defendant by the supervising United States Probation Officer as soon as practicable.

The Court hereby vacates the November 13, 2017, hearing date in this matter.

**SO ORDERED.**

**Dated: November 9, 2017**

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE